FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

06 SEP 27 PM 4: 03

CLERK-ALBUQUERQUE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Equal Employment Opportunity Commission, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> Cracker Barrel Old Country Store, Inc., ) <br> ) <br> Defendant. ) <br> ) | COMPLAINT AND JURY TRIAL DEMAND <br><br> CIV **CIV-06-0920 MV WDS** |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the bases of sex and retaliation and to provide appropriate relief to Jennifer Jackson, Lorraine Provencio and a class of females who were adversely affected by such practices. Ms. Jackson, Ms. Provencio, and other female employees were discriminated against by Defendant when they were sexually harassed by Daniel Guzman, a management official of Cracker Barrel Old Country Store, Inc. In addition, Ms. Jackson, Ms. Provencio, and other female employees were retaliated against because they opposed the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII")

and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Cracker Barrel Old Country Store, Inc. ("Defendant" or "Employer"), has been a Tennessee corporation doing business in the State of New Mexico and the City of Las Cruces and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Jennifer Jackson and Lorraine Provencio filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled

7.      Since at least July, 2001, Defendant has engaged in unlawful employment practices at their Las Cruces, New Mexico, facility located at 1490 Hickory Drive, Las Cruces, New Mexico, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Ms. Jackson,

Ms. Provencio and a class of female employees to a hostile work environment due to sexual harassment. The sexual harassment included, but was not limited to, unwelcome conduct of a sexual nature by Daniel Guzman to Ms. Jackson, Ms. Provencio, and other females, such as:

   a.   Comments about women's "crotches";

   b.   Comments about women's breasts or buttocks;

   c.   Comments about "boning" female employees;

   d.   Comments about sex;

   e.   Simulating the male anatomy by putting items between his legs.

8.   Since at least September, 2004, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Defendant's retaliatory conduct included, but was not limited to, discharging and/ or constructively discharging Jennifer Jackson and Lorraine Provencio because they opposed practices made unlawful by Title VII.

9.   The effect of the practices complained of in paragraphs 7-8 above has been to deprive Ms. Jackson, Ms. Provencio and a class of females of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and in retaliation for opposing practices made unlawful by Title VII.

10.   The unlawful employment practices complained of in paragraphs 7-8 above were and are intentional.

11.   The unlawful employment practices complained of in paragraphs 7-8 above were done with malice or with reckless indifference to the federally protected rights of Ms. Jackson, Ms. Provencio, and a class of females.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in sexual harassment, retaliation and any other employment practice which discriminates on the basis of sex or retaliation.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and those who oppose unlawful employment discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Ms. Jackson, Ms. Provencio, and a class of females by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including, but not limited to, rightful-place reinstatement.

D.      Order Defendant to make whole Ms. Jackson, Ms. Provencio, and a class of females, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.      Order Defendant to make whole Ms. Jackson, Ms. Provencio, and a class of females by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-8 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other nonpecuniary

losses in amounts to be determined at trial.

F.   Order Defendant to pay Ms. Jackson, Ms. Provencio and a class of females punitive damages for their malicious and/or reckless conduct, described in paragraphs 7-8 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 27th day of September, 2006.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

Mary Jo O'Neill
Regional Attorney

_____
Sally C. Shanley
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5032

_____
Veronica A. Molina
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102-2189
(505) 248-5231

Attorneys for Plaintiff